Jose Angel Sanchez VALDOVINOS;
Adela Pino Ramirez,
Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–73251.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 28, 2008.

Jaime Jasso, Esq., California Alien Rights Project, LLC Immigration Appealsworks, Westlake Village, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, Esq., Jennifer Levings, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Jose Angel Sanchez Valdovinos and Adela Pino Ramirez, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reconsider and the former Legalization Appeals Unit's ("LAU") order dismissing Sanchez Valdovinos' appeal from the denial of his Special Agricultural Worker ("SAW") application. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

We reject as unpersuasive Sanchez Valdovinos' contention that the BIA lacked jurisdiction over his motion to reconsider.

■ Sanchez Valdovinos contends his due process rights were violated because the government mailed two SAW notices to an outdated address. However, because Sanchez Valdovinos concedes he received the Notice of Intent to Deny, and the record shows his attorney filed a timely Notice of Appeal from the Notice of Decision, Sanchez Valdovinos' failure to raise this contention to the LAU deprives us of jurisdiction to review it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (due process challenges that are "procedural in nature" must be exhausted).

■ Sanchez Valdovinos also contends his due process rights were violated because the government mailed the LAU decision to the wrong address. However,

because the record shows that Sanchez Valdovinos was able to appeal in a timely fashion from the Notice of Decision, and because he fails to address the denial of his SAW application on the merits before this court, he has not demonstrated prejudice. *See Kohli v. Gonzales*, 473 F.3d 1061, 1067 (9th Cir.2007) (requiring a showing of prejudice where a procedural defect is alleged and the alien had an opportunity to respond).

■ We lack jurisdiction to review Sanchez Valdovinos' contentions regarding his removability, his placement in removal proceedings during the pendency of his SAW appeal, and his alternate request for voluntary departure, because they relate to his underlying removal order and he failed to petition this court for timely review of that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.